IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

CA 08 117

UNITED STATES OF AMERICA )
)
vs. ) C.A. No ~~06-0522S~~
)
RAFAEL SANTOS )

MOTION TO DISMISS PETITIONER'S MOTION FOR RETURN OF PROPERTY

Comes now the United States of America and moves to dismiss petitioner's request for return of property pursuant to Fed. R. Crim. P. 41(e) for the reasons set forth in the attached Memorandum of Law and Authorities.

Respectfully Submitted,

UNITED STATES OF AMERICA
By its attorneys:

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

/s/ Adi Goldstein
ADI GOLDSTEIN/RI Bar #6701
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401)709-5000
(401)709-5001 (fax)
email: adi.goldstein@usdoj.gov

**CERTIFICATION OF SERVICE**

I hereby certify that on this 19th day of July, 2007, I caused the within Government's Motion to Dismiss Petitioner's Motion for Return of Property to be electronically filed with the United States District Court for the District of Rhode Island, using the CM/ECF system.

The following participants have received notice via U.S. Mail:

Rafael Santos
Reg No. 05654-070
LSCI Allenwood
P.O. Box 1000
White Deer, PA 17887

/s/ Adi Goldstein
ADI GOLDSTEIN /RI Bar #6701
Assistant United States Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401)709-5000
(401)709-5001 (fax)
email: adi.goldstein@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA )
)
vs. ) C.A. No.06-055S
)
RAFAEL SANTOS )

MEMORANDUM IN SUPPORT OF THE GOVERNMENT'S MOTION TO DISMISS PETITIONER'S REQUEST FOR RELEASE OF PROPERTY

Introduction

______Petitioner has moved the Court for return of certain property, to wit assorted jewelry, that was seized from Santos's residence at 134 Wallace Street, Providence Rhode Island, on September 8, 2005. The jewelry was seized from Santos's residence after Drug Enforcement Administration agents obtained a consent to search that residence from Santos at the time of his arrest for the delivery of 100 grams of heroin to a confidential informant. Subsequent to this seizure, the DEA moved to forfeit the jewelry, worth approximately $39,000, administratively. In addition to the forfeiture of this jewelry, Santos's business was forfeited criminally, Cr. No. 05-108S, and his vehicle was forfeited civilly, C.A. 06-115ML. Santos does not contest those forfeitures. For the reasons set forth below, Santos's petition is improperly filed as a Fed. R. Crim. P. 41(e) motion as there is no criminal case pending, and the property has already been forfeited administratively. Furthermore, because there were no constitutional deficiencies in the administrative forfeiture, this Court lacks jurisdiction to review Santos's petition.

Case History

In 2005, the DEA conducted a drug investigation of Rafael Santos during which Santos sold heroin to a DEA confidential informant on two occasions. During the first buy, on April 6,

2005, the confidential informant purchased 100 grams of heroin for $7000 from Santos. During the second buy, September 8, 2005, the confidential informant purchased approximately 100 grams of heroin from Santos. However, just prior to paying Santos for the drugs, the DEA swooped in and arrested the defendant. On October 5, 2005, a federal grand jury returned a three-count indictment against Rafael Santos charging him with conspiracy to distribute controlled substance in violation of 21 U.S.C. § 846, and two counts of distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(c). Defendant pleaded guilty on November 29, 2005. On April 7, 2006, defendant was sentenced to 41 months on each count, to run concurrently, and the Court also entered an Order of Forfeiture.

Applicable Law

In Gonzalez-Gonzales v. United States of America, 257 F.3d 31 (1st Cir. 2001), the First Circuit succinctly summarized the legal framework for administrative forfeitures as follows:

> Congress has provided for the civil forfeiture of money or property traceable to the avails of drug trafficking. See 21 U.S.C. § 881(a)(6). To facilitate such forfeitures, Congress incorporated by explicit reference the venerable procedures for civil forfeiture set out in the customs laws. Id. § 881(d). Under this regimen, the government may forfeit property worth $500,000 or less administratively. See 19 U.S.C. § 1607. If the government chooses to travel this path, it must publish notice of its intent to forfeit the property for three successive weeks and supplement that publication by sending written notice to any party known to have an interest in the property. Id. § 1607(a); 21 C.F.R. § 1316.75.
>
> The giving of notice shifts the burden of going forward to those persons who persist in claiming an interest in the property. Claimants have twenty days from the first published notice within which to file claims. 19 U.S.C. § 1608. A timely claim, accompanied by a cost bond, aborts the administrative process and forces the government to proceed in court. See id.; see also 21 C.F.R. § 1316.76(b). If no interested party files such a claim, however, the government can proceed to declare the property forfeit without judicial intervention. See 19 U.S.C. § 1609.

257 F.3d at 35.

As the First Circuit noted in Gonzalez-Gonzalez, the process of administrative forfeiture forecloses judicial intervention with limited exceptions that would allow the district court to "retain the authority to entertain constitutional challenges to administrative forfeitures." See United States v. Giraldo, 45 F.3d 509, 511 (1st Cir.1995) (per curiam); see also United States v. Mosquera, 845 F.2d 1122, 1126 (1st Cir.1988) (per curiam) (noting that district courts have federal question jurisdiction over due process challenges to administrative forfeitures).

As the Court states in Gonzalez-Gonzalez, "the fact that a claimant cloaks his constitutional challenge in the garb of a Rule 41(e) motion does not alter this reality; in that event, the court simply will treat such a motion as a civil complaint." 257 F.3d at 35 (citing Giraldo, 45 F.3d at 511). See Giraldo, 45 F.3d at 511. Thus, the government has sixty days to reply to it. See Fed.R.Civ.P. 12(a)(3)(A). 257 F.3d at 36.

Analysis

In this case, Santos received notice of the forfeiture on October 20, 2005. Notice was mailed to his home address, 134 Wallace Street, Providence and to the Wyatt Correctional Facility where he was held. Notice was also mailed to Santos's attorney, William Murphy. Defendant filed a timely claim on November 21, 2005, however, the claim was ruled deficient on November 30, 2005, and the defendant did not amend it. Accordingly, the property was administratively forfeited on February 24, 2006. On April 7, 2006, the defendant filed a petition for remission or mitigation. See Attachment 1 (Status Inquiry Printout for DEA Seizure N-37, DEA case No. 05-0006). In a letter dated July 20, 2006, that petition for mitigation was denied. See Attachment 2. As explained in that letter, the Senior Attorney for the DEA reviewing the forfeiture claim found that (1) there was probable cause to believe that drug related funds were used to purchase the forfeited property; (2) that the forfeiture was proportional to the offense; and

Case 1:06-cv-00522-S Document 7 Filed 07/20/2007 Page 6 of 8

(3) the defendant was not an "innocent owner," of the property. Because there have been no procedural deficiencies, and because the denial of the petition of remission is made solely at the discretion of the Attorney General, 21 U.S.C. § 881(d); 19 U.S.C. § 1618, the decision is not subject to judicial review on the merits. United States v. One 1987 Jeep Wrangler Automobile, 972 F.2d 472, 479 (2d Cir. 1992).

Conclusion

______For the reasons set forth above, the Court lacks jurisdiction over the Petition and it must be dismissed.

Respectfully Submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE,
UNITED STATES ATTORNEY

/s/ Adi Goldstein
ADI GOLDSTEIN/RI Bar #6701
Assistant U. S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401)709-5000
(401)709-5001 (fax)
email: adi.goldstein@usdoj.gov

**CERTIFICATION OF SERVICE**

I hereby certify that on this 19th day of July, 2007, I caused the within Government's Memorandum in Support of its Motion to Dismiss Petitioner's Motion to Return of Property to be electronically filed with the United States District Court for the District of Rhode Island, using the CM/ECF system.

The following participants have received notice via U.S. Mail:

Rafael Santos
Reg No. 05654-070
LSCI Allenwood
P.O. Box 1000
White Deer, PA 17887

/s/Adi Goldstein
ADI GOLDSTEIN/RI Bar #6701
Assistant United States Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401)709-5000
(401)709-5001 (fax)
email: adi.goldstein@usdoj.gov