U.S. Department of Justice
Drug Enforcement Administration

*www.dea.gov*

JUL 3 0 2006

**CERTIFIED MAIL – RETURN RECEIPT REQUESTED**

Raymond A. Mansolillo
Attorney at Law
Murphy & Fay, L.L.P.
127 Dorrance Street, 2nd Floor
Providence, RI 02903

Re: DEA Case No.: CH-05-0006
Asset ID No.: 05-DEA-456796
Property: Misc. Assorted Jewelry (Value: $39,976.00)
Petitioner: Rafael Santos

Dear Mr. Mansolillo:

I am writing to you in response to the petition for remission or mitigation regarding the above-referenced property submitted on behalf of Rafael Santos (hereafter the petitioner).

The remission or mitigation of a forfeiture is neither a right nor a privilege, but an act of grace. In re the Matter of Sixty Seven Thousand Four Hundred Seventy Dollars ($67,467.00) v. United States, 901 F.2d 1540, 1543 (11th Cir. 1990); Laconia Savings Bank v. United States of America, 116 F. Supp. 2d 248 (2000). A Petition for Remission and Mitigation "does not serve to contest the forfeiture, but rather is a request for executive pardon of the property based upon the petitioner's innocence or, for a wrongdoer, on a plea of leniency." United States v. Vega, 72 F.3d 507, 514 (7th Cir. 1995), cert. denied sub nom. Early v. United States, 116 S. Ct. 2529 (1996). See also United States v. Wong, 62 F.3d 1212, 1214 (9th Cir. 1995); United States v. Ruth, 65 F.3d 599, 604 n.2 (7th Cir. 1995), cert. denied, 517 U.S. 1158; 116 S. Ct. 1548; 517 U.S. 1158 (1996). A decision with respect to remission or mitigation of a forfeiture is made solely at the discretion of the Attorney General. See United States Code (U.S.C.) 21 U.S.C. § 881 (d) (2006); 19 U.S.C. § 1618 (2006).

The Attorney General and the Administrator of the Drug Enforcement Administration (DEA) have delegated the authority to determine the merits of such petitions to this office. 28 Code of Federal Regulations (C.F.R.) §§ 0.100 (b), 0.104; 28 C.F.R. §9.1 (b). This office's decision on your petition is not subject to judicial review on its merits. See: United States v. One 1987 Jeep Wrangler Automobile, 972 F.2d 472, 479 (2d Cir. 1992) ("[T]he overwhelming weight of authority supports the position that a federal court lacks jurisdiction to review the merits of administrative